UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 4:21 CR 293 SEP |
| | ) |
| RYAN KANZLER, | ) |
| | ) |
|    Defendant. | ) |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

### 1. PARTIES:

The parties are the defendant Ryan Kanzler, represented by defense counsel Marc Johnson, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

### 2. GUILTY PLEA:

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 1, 3, and 9 of the Indictment, the government agrees to dismiss Counts 2, 4, 6, and 10, and that no further federal prosecution will be brought in this District relative to the defendant's scheme to defraud banks by negotiating stolen and altered checks, steal mail, commit access device fraud, and aggravated identity theft related to

1

thereto, from October 14, 2020 through May 6, 2021, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party can request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court.

### 3. ELEMENTS:

The defendant admits to knowingly violating Title 18, United States Code, Sections 371, 1029(a)(5), and 1708, and admits there is a factual basis for the plea and further fully understands that the elements of the crimes are:

### COUNT 1
### (Conspiracy)

*One*, the defendant and one other person reached an agreement to steal mail, commit bank fraud, and to commit identity theft;

*Two*, the defendant voluntarily and intentionally joined the agreement;

*Three*, at the time that he joined, defendant knew the purpose of the agreement; and

Four, the defendant committed an overt act in furtherance of the agreement.

### COUNT 3
### (Mail Theft)

*One*, the defendant voluntarily aided and abetted the stealing of a letter;

*Two*, the letter was in a mailbox, an authorized depository for U.S. mail matter; and

2

*Three*, in so doing, the defendant intended to deprive the addressee of the letter permanently.

## COUNT 9
### (Access Device Fraud)

*One*, the defendant knowing engaged in a transaction with an access device issued to another person;

*Two*, the defendant did so to obtain goods with a total value of at least $1,000 during a one-year period;

*Three*, the defendant did so with the intent to defraud; and

*Four*, the defendant's conduct affected interstate commerce.

## 4. FACTS:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Beginning from at least October 14, 2020, defendant and co-defendant Simmons were engaged in a scheme to defraud several financial institutions. The scheme involved several steps. First, the participants stole mail from private residence and business mailboxes on a rather large scale. The participants would then search the stolen mail for checks and personal identifying information. Stolen checks were often altered to make the payee one of the participants, as well as increasing the amount. Various participants, including the defendant, would then present the stolen and altered checks for payment at various banks in the St. Louis area. At times, stolen personal identifying information was used to accomplish this step.

3

Defendant, accompanied by Simmons, would often drive around residential neighborhoods to steal mail. Generally, Simmons would actually steal the mail while defendant waited in the truck. Defendant did so on December 17, 2020, while Simmons stole mail from victim C.L.'s mailbox at 12720 Creekside View, Creve Coeur, Missouri.

Defendant also modified checks stolen from the mail. A check made payable to Discover in the amount of $850.50 was stolen from victim R.W.'s mail. Defendant altered the check to make it payable to him. On November 23, 2020, defendant went to the PNC Bank location at 4111 Telegraph Road, St. Louis County and cashed the check.

Defendant also used fraudulently obtained credit cards. For example, in January 2020 victim D.R. reported that his mail had been stolen and that subsequently someone had made numerous fraudulent credit card applications using his personal identifying information. Synchrony Bank issued a Lowe's credit card and due to one of these fraudulent applications in D.R.'s name, defendant and co-defendant Simmons used that card between January 21 and January 29, 2021 to purchase items exceeding $1,000 in that time period at various Lowe's locations in the St. Louis area.

Defendant led at least two other people involved in the scheme, paying for bulk stolen mail and also distributing modified checks for others to cash.

## 5. STATUTORY PENALTIES:

The defendant fully understands that the maximum possible penalty provided by law for the crimes to which the defendant is pleading guilty for Counts 1 and 3 is imprisonment of not more than 5 years, a fine of not more than $250,000, or both such imprisonment and fine; and for Count 9 is imprisonment of not more than 15 years, a fine of not more than $250,000, or both

such imprisonment and fine. The Court may also impose a period of supervised release of not more than 3 years on Counts 1, 3, and 9.

### 6. U.S. SENTENCING GUIDELINES: 2021 MANUAL:

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**COUNT 1** – The Counts group pursuant to Section 3D1.2. Count 1 is the most serious count.

**(1) Base Offense Level:** The parties agree that the base offense level is 6, as found in Section 2B1.1(a)(2).

**(2) Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply: 4 levels are added pursuant to Section 2B1.1(b)(1)(C) as the loss exceeded $15,000 but not more than $40,000; 2 levels are added pursuant to Section 2B1.1(b)(2)(A) as the offense involved more than 10 victims; 2 levels are added pursuant to Section 2B1.1(b)(11) as the offense involved the use of a means of identification to unlawfully obtain another means of identification.

**b. Chapter 3 Adjustments:**

**(1) Role in the Offense:** The parties agree that 2 levels should be added pursuant to Section 3B1.1(c) as the defendant was a leader of the criminal activity.

**(2) Acceptance of Responsibility:** The parties agree that two levels should be deducted pursuant to Section 3E1.1(a) because the defendant has clearly demonstrated

5

acceptance of responsibility. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

Further, the government, under the facts known at the present, will make a motion at the time of sentencing for an extra one level reduction based on the defendant's timely notification of his intention to plead guilty. The government may decide not to file such motion without violating the plea agreement under the conditions of the above paragraph.

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 13.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

## 7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2) Sentencing Issues:** In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records

7

pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

## 8. OTHER:

**a. Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. These conditions will be restrictions on the defendant to which the defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the defendant agrees to pay at the time of sentencing. Money paid by the

defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e. Possibility of Detention:** The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the

9

waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11. CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful

10

information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

4/25/22
Date

JOHN J. WARE
Assistant United States Attorney

4/25/22
Date

RYAN KANZLER
Defendant

4/25/22
Date

MARC JOHNSON
Attorney for Defendant

11